# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:24-CR-47** |
| | § | |
| | § | |
| | § | |
| **MARK ANTHONY STOKES** | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed December 9, 2025, alleging that the Defendant, Mark Anthony Stokes, violated his conditions of supervised release.  This matter is referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

### I.      The Original Conviction and Sentence

Stokes was sentenced on February 18, 2014, before The Honorable John D. Rainey of the Southern District of Texas after pleading guilty to the offense of Attempted Sexual Exploitation of a Child, a Class B felony.  This offense carried a statutory maximum imprisonment term of 30 years.  The guideline imprisonment range, based on a total offense level of 37 and a criminal history category of I, was 210 to 262 months. Stokes was subsequently sentenced below the advisory guideline range to 140 months' imprisonment followed by a 10-year term of supervised release, subject to the standard conditions of release, plus special conditions to include drug and alcohol treatment, mental health treatment, sex offender treatment, sex offender registration,

1

location restrictions, restrictions on contact or cohabitating with children under the age of 18, restrictions on viewing material involving child erotica, computer and internet restrictions, and a $100 special assessment.

On May 2, 2022, the conditions of supervision were modified, with Stokes' consent, to update the wording on sex offender special conditions to be consistent with typical conditions imposed in the Eastern District of Texas, and to include computer monitoring and search and seizure.

## II.  The Period of Supervision

On June 9, 2023, Stokes completed his period of imprisonment and began service of the supervision term.  On June 21, 2024, jurisdiction in this case was transferred to the Eastern District of Texas and assigned to United States District Judge Michael J. Truncale.  On August 27, 2025, the conditions of supervision were modified by the court, with Stokes' consent, to include a daily curfew from 8:00 PM to 5:00 AM, without electronic monitoring.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising eight allegations.  The petition alleges that Stokes violated the following conditions of release:

Allegation 1. The Defendant shall not commit another federal, state, or local crime.

Allegation 2. The defendant shall not unlawfully possess a controlled substance.

Allegation 3. The Defendant shall not commit another federal, state, or local crime.

Allegation 4.  The Defendant must not purchase, possess, have contact with, or otherwise use any device that can be connected to the Internet or used to store digital materials, other than that approved by the U.S. Probation Office.

2

Allegation 5.  The Defendant must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

Allegation 6.  The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

Allegation 7.  The Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month

Allegation 8.  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

## IV.  Proceedings

On February 12, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the seventh allegation that claimed he failed to submit monthly written reports to his probation officer as directed.   In return, the parties agreed that he should serve a term of eight (8) months' imprisonment, with 8 years' supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except

3

that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.   The original offense of conviction was a Class B felony, therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to fubmit monthly reports to his probation officer as directed, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the policy statement imprisonment range is 3 to 9 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  The authorized term of supervised release for this offense is not more than Life.

U.S.S.G. § 7C1.4(c) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing  Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to submit monthly reports to his probation officer as directed.  Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e).  The Defendant's violation is a Grade C violation, and the criminal history category is I.  The policy statement range in the Guidelines Manual is 3 to 9 months.  The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 8 months with 8 years of supervised release to follow.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to submit monthly reports to his probation officer.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 8 months' imprisonment, with 8 years of supervised release to follow.  The Defendant requested to serve his prison term at the Federal Correctional Institution in Beaumont, Texas.  The Defendant's request should be accommodated, if possible.

As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed shall be re-imposed. Such conditions are set forth in the Judgment, and the rationale for these conditions is contained in the Defendant's Presentence Investigation Report.

### VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 19th day of February, 2026.

_____
Zack Hawthorn
United States Magistrate Judge

7